# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KATHY WALLACE, as assignee
for AMBULANCE SERVICE, INC.,

      Plaintiff,

vs.                                         Case No. 3:23-cv-1249-MMH-JBT

AMERIPRO EMS, LLC,

      Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion to Seal Response to Jurisdictional Order and for Confidentiality Pursuant to Rules 5.2(d), 49.1(d), 26(c)(1)(G) and Local Rule 1.11(a) (Doc. 7; Motion), filed on November 1, 2023. On October 20, 2023, Defendant AmeriPro EMS, LLC removed this action to federal court on the basis of this Court's diversity jurisdiction. See Notice of Removal (Doc. 1) ¶ 9. Upon review of the Notice, the Court determined that AmeriPro EMS had failed to adequately allege the citizenship of any of the parties and entered an Order directing Defendant to provide the information necessary to establish the Court's diversity jurisdiction. See Jurisdictional Order (Doc. 6), entered October 24, 2023. As relevant here, the Court explained that to establish its citizenship, AmeriPro must disclose both the identity and the citizenship of its members. See id. at 4. In the

instant Motion, Defendant requests leave to file under seal the names and addresses of certain members of AmeriPro who are "non-participating confidential members" with only a "financial interest." See Motion at 1. Upon review, the Court finds that the Motion is due to be denied.

Local Rule 1.11 of the United States District Court for the Middle District of Florida provides: "Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." See Local Rule 1.11(a) (emphasis added). In the Motion, AmeriPro asserts that a seal is warranted because revealing the names of these silent members in the public record "would violate their right to privacy of their investments." Id. Notably, AmeriPro does not cite any legal authority for this proposition.

Upon due consideration, the Court finds that this interest alone does not constitute a compelling justification sufficient to overcome the public's right of access. See Wiens Capital Mgmt., LLC v. Advocate Consulting Legal Grp., PLLC, No. 2:23-cv-81-SPC-KCD, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023) ("Plaintiffs have not articulated a legitimate privacy interest in the members' identities and its preference that the information remain private is not a valid reason to overcome the presumption of public access."); see also Mann v. Trails Carolina, LLC, No. 1:23-cv-20-MR-WCM, 2023 WL 5109564, at

*2-3 (W.D.N.C. Aug. 9, 2023).[1]  AmeriPro opted to remove this case to federal court and thus should have known it would be required to disclose this information.  Indeed, even aside from the Court's sua sponte jurisdictional inquiry, Rule 7.1(2) of the Federal Rules of Civil Procedure expressly requires each party to file a disclosure statement in which it must "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party . . . when the action is filed in or removed to federal court . . . ."  See Fed.R.Civ.P. 7.1(2) (emphasis added).  Likewise, Local Rule 3.03(a)(1) requires AmeriPro to file a disclosure statement identifying "each person . . . that has or might have an interest in the outcome."  Thus, if AmeriPro wants to keep its ownership secret, it may do so, "but one consequence is lack of access to federal courts under the diversity jurisdiction."  See Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318, 321 (7th Cir. 2002).[2]

In light of the foregoing, it is

**ORDERED:**

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[2] To the extent AmeriPro is concerned about filing the addresses of these members on the public record, the Court notes that disclosure of the addresses is not required by the Court's Jurisdictional Order, Rule 7.1, or Local Rule 3.03.  It is the individual's state of citizenship that must be disclosed, not their residence or home address.

Defendant's Unopposed Motion to Seal Response to Jurisdictional Order and for Confidentiality Pursuant to Rules 5.2(d), 49.1(d), 26(c)(1)(G) and Local Rule 1.11(a) (Doc. 7) is **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of November, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record